# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 18-0834** (Ohio County 18-F-45)

**Robert Frank Baldwin,**
**Defendant Below, Petitioner**

**FILED**

**November 4, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert Frank Baldwin, by counsel Justin M. Collin, appeals the Circuit Court of Ohio County's August 31, 2018, sentencing order following his conviction for failure to register as a sex offender. The State, by counsel Elizabeth Grant, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 14, 2018, petitioner was indicted on two counts of failure to register as a sex offender. In Count One, petitioner was charged with knowingly failing to register his Facebook account on May 8, 2017, and in Count Two, he was charged with failing to register his employment termination on July 17, 2017. Petitioner waived his right to a jury trial, and the circuit court held a bench trial on July 11, 2018.

The State's evidence at trial included criminal records documenting a June 16, 1994, conviction obtained against petitioner in Pennsylvania for, among other crimes, attempted rape.[1] This conviction required petitioner to register as a sex offender, and, following his move to this State, he completed his initial registration on February 13, 2017. On that same date, petitioner signed a "Notification of Sex Offender Responsibility and Registration Certification" ("Form 270"), which was admitted into evidence. West Virginia State Police Sergeant Ron Gaskins

---

[1] The State presented evidence in support of Count Two of the indictment; however, petitioner was acquitted of that charge. Because that evidence is not germane to the issues on appeal, it is not recounted here.

testified that Form 270 "basically lists the rules [that sex offenders] have to abide [by to be] compliant with state law during the course of their registration."[2] Among other pieces of information, Form 270 informs a registrant that he or she "must register as a Sex Offender with the West Virginia State Police Detachment in the following manner: . . . – register any change in registration information, including but not limited to: physical and mailing address, vehicle, internet, phone, screen names, e-mail, etc. within ten (10) business days." Form 270 further provides that "[f]ailure to comply with these responsibilities as defined here as well as failure to comply with West Virginia Code § 15-12, et seq. are criminal violations of West Virginia [l]aw, for which I may be criminally prosecuted." In addition to signing this form, petitioner initialed each discrete notice, including the one quoted above regarding registering any change in registration information.

Following his initial registration, petitioner updated his registration information on March 24, 2017, and April 24, 2017. At each update, petitioner signed and initialed another Form 270, and each of these was admitted into evidence.

Sergeant Gaskins further detailed that on November 3, 2017, petitioner reported to the Wheeling, West Virginia, State Police Detachment to comply with his annual sex offender registration requirements.[3] In assisting with petitioner's annual registration, Sergeant Gaskins asked petitioner if all of the information he had previously provided remained the same, and petitioner responded, "Yes." Sergeant Gaskins then inquired about social media accounts, such as Facebook. According to Sergeant Gaskins, petitioner replied that "he had Facebook and he had forgot about social media." Petitioner told Sergeant Gaskins that he had not had his Facebook account for "very long."

---

[2] Sergeant Gaskins also testified to the wealth of information that is typically obtained from a registrant during the initial registration, including "at least three photographs[,] . . . [t]heir fingerprints, the palm prints[,] . . . their physical address, mailing address, their cell numbers, telephone numbers, the carrier, Internet providers, social media accounts, vehicles, employment information. All different aspects of what's required." *See also* W. Va. Code R. § 81-14-13.2 (requiring that the registration of a sex offender requires State Police to obtain a signature on a completed Form 270 and enter more than twenty distinct pieces of information into the Livescan device, including "[a]ll Internet Provider(s) and Account(s) including screen names, user names, e-mail addresses or aliases used on the Internet"). Sergeant Gaskins did not complete petitioner's initial registration, however, and the officer who did complete the initial registration was not called to testify.

[3] West Virginia Code § 15-12-10 requires, in part, that

[a]ll registrants, including those for whom there has been no change in registration information since their initial registration or previous address verification, must report, in the month of their birth, . . . to the State Police detachment responsible for covering their county of registration and must respond to all verification inquiries and informational requests.

After petitioner completed his annual registration, Sergeant Gaskins investigated petitioner's Facebook account and learned that the profile picture had been updated on April 29, 2017. The updated picture was of petitioner wearing a hardhat containing the name of his then-employer. The most recent activity on the account took place on October 19, 2017.

On December 8, 2017, petitioner returned to the Wheeling State Police Detachment to again update his registration information. While at the detachment, Sergeant Gaskins inquired further into petitioner's Facebook account, including when he activated the account. Petitioner stated that an ex-girlfriend created the account to track petitioner, but he later admitted to having access to the account, and later yet, to personally updating the account, including updating his profile picture on April 29, 2017.

Sergeant Gaskins also testified to a telephone conversation he had with petitioner on December 21, 2017, regarding how petitioner learned of the account, since petitioner had denied creating it. Petitioner claimed that an individual told him that he had sent him a message on Facebook. Petitioner then looked for and ultimately found an account bearing his name. Petitioner further claimed that he was unable to access the account at that time because he did not know the password to the account, so he initiated the process for resetting the password. But petitioner also informed Sergeant Gaskins that the e-mail address associated with the account was the same one first provided during his November of 2017 annual registration.[4]

On July 26, 2018, the circuit court entered an order finding petitioner guilty of the count of failure to register as a sex offender pertaining to his Facebook account. At the August 28, 2018, sentencing hearing, petitioner was sentenced to not less than one nor more than five years of incarceration. This appeal followed.

On appeal, petitioner argues that the evidence at trial was insufficient to support his conviction. Specifically, petitioner first claims that Form 270 was insufficient notification of the requirement to register internet and social media accounts, such as Facebook, because it only instructed, in relevant part, that he register "physical and mailing address, vehicle, internet, phone, screen names, e-mail, etc. within ten (10) business days."[5] Registrants, however, are

---

[4] Petitioner concedes that he gave "inconsistent statements regarding the Facebook account and [his] access to it" to Sergeant Gaskins.

[5] When convictions for offenses requiring registration as a sex offender are obtained in West Virginia, a circuit court informs the individual of the Sex Offender Registration Act's requirements at the time of the conviction. *See* W. Va. Code § 15-12-2(g). Because petitioner was convicted in Pennsylvania, however, the obligation to inform him of the act's requirements fell to the State Police. *Id.* West Virginia Code of State Regulations § 81-14-13.1 provides that "[t]he State Police detachments shall serve as the local law enforcement agency that actually administers the registration procedures upon the person required to be registered." As stated above, this registration includes obtaining "the offender[']s signature on a completed WVSP [Form] 270 Notification of Sex Offender Responsibility and Registration Certification" and

(continued . . . )

statutorily obligated to provide "[i]nformation relating to any Internet accounts the registrant has and the screen names, user names, or aliases the registrant uses on the Internet." W. Va. Code § 15-12-2(d)(8). Petitioner maintains that Form 270's notice, which fails to list all of that statute's requirements, does not notify a registrant of the obligation to register Facebook or other social media accounts. Petitioner further states that Form 270's notice to register "screen names" cannot be construed as notice to register Facebook or other social media accounts as the phrase "screen names" references the antiquated America Online platform and its chat rooms. Accordingly, by relying solely on Form 270, petitioner contends that the State failed to prove that he "knowingly" failed to register his Facebook account.

Additionally, petitioner argues the State's evidence was insufficient to prove that he failed to register his Facebook account within ten days of learning of the requirement to register social media accounts. Petitioner submits that, even if this Court construes Sergeant Gaskins's testimony concerning petitioner's statement that he "forgot about social media" as evidence of petitioner's knowledge of the requirement, petitioner nonetheless claims that the State's evidence failed to demonstrate *when* he received that notice. Petitioner asserts that for him to be in violation of the Sex Offender Registration Act on May 8, 2017—the date charged in the indictment—the State was required to prove that he had notice of the requirement to register social media accounts by April 28, 2017.

The heavy burden a petitioner takes on when challenging the sufficiency of the evidence to support a conviction is well established:

> A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

Syl. Pt. 3, in part, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995). In reviewing such challenges to the sufficiency of the evidence, this Court

> examine[s] the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of

---

entering the required information into the Livescan device. *Id.* § 81-14-13.2. Petitioner acknowledges that "Form 270, coupled with an officer's interview of the offender during any registration, should ensure offenders receive notice of all information that must be registered."

fact could have found the essential elements of the crime proved beyond a reasonable doubt.

*Id.* at 663, 461 S.E.2d at 169, syl. pt. 1, in part.

Following an individual's conviction for certain qualifying offenses, the Sex Offender Registration Act requires that individual to register various information with the West Virginia State Police. *See* W. Va. Code § 15-12-2(d). One such requirement imposed by the Act is to register "[i]nformation relating to any Internet accounts the registrant has and the screen names, user names, or aliases the registrant uses on the Internet." *Id.* § 15-12-2(d)(8). Under West Virginia Code § 15-12-3, "when any of the other information required" to be provided by a registrant to the sex offender registry changes, the registrant "shall, within ten business days, inform the West Virginia State police of the changes." If "[a]ny person required to register for life . . . knowingly provides materially false information or . . . refuses to provide accurate information when so required . . . or who knowingly fails to register or knowingly fails to provide a change in any required information," the registrant is guilty of a felony. *Id.* § 15-12-8(c), in part. Thus, petitioner's challenges here center on the State's evidence that he "knowingly" failed to update the registry within ten days of the change in his social media account information.

Under the heavy burden imposed by *Guthrie*, we find that there was sufficient evidence to convince a reasonable person of petitioner's guilt beyond a reasonable doubt. Concerning the "knowingly" element, petitioner concedes that Sergeant Gaskins's testimony relaying petitioner's statement that he "forgot about social media" evidences petitioner's knowledge of the requirement to register social media accounts.

Likewise, we find that there was sufficient evidence from which it could be found that petitioner had notice of this requirement by April 28, 2017. Petitioner signed Form 270s on February 13, 2017, March 27, 2017, and April 24, 2017. His initials and signature on any one of these forms demonstrate that he had knowledge of his registration requirements by April 28, 2017.

Petitioner's argument that Form 270 provided insufficient notice of his obligation to register social media accounts because it lacked the phrase "internet accounts" or other wording similar to that found in West Virginia Code § 15-12-2(d)(8) is unavailing. On each of the three dates listed above, petitioner signed and initialed a Form 270, thereby demonstrating his acknowledgement that he was required to "register any change in registration information, including *but not limited to* . . . internet, . . . screen names, e-mail, *etc.*" By its own terms, the form does not purport to include an exhaustive list and provides that additional, similar information must be provided. Moreover, in addressing a vagueness challenge to West Virginia Code § 15-12-2(d)(8), we held that "[t]he Legislature chose to use the terms 'internet accounts,' 'screen names,' ['] user names,' and 'aliases' to encompass all online activity." *State v. Nolte*, No. 13-0774, 2014 WL 2404323, *3 (W. Va. May 30, 2014)(memorandum decision). Thus, Form 270's inclusion of the terms "internet" and "screen names," particularly when coupled with the "but not limited to" and "etc." language, clearly notifies a registrant of his or her obligation to report all online activity, including social media accounts. We also note that by signing each

Form 270, petitioner demonstrated his understanding that "[f]ailure to comply with these responsibilities as defined here *as well as failure to comply with West Virginia Code § 15-12, et seq.* are criminal violations of West Virginia Law, for which I may be criminally prosecuted." (Emphasis added.) Accordingly, the Form 270s admitted at petitioner's trial along with Sergeant Gaskins's testimony provide the evidence from which "any rational trier of fact could have found" that petitioner knowingly failed to register his Facebook account within ten days of the change in his social media account information "proved beyond a reasonable doubt." *Guthrie*, 194 W. Va. at 663, 461 S.E.2d at 169, syl. pt. 1, in part.

For the foregoing reasons, we affirm.

Affirmed.


**ISSUED**:  November 4, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

6